# IN THE UNITEDf STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TREVOR JAMES WELLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 16-2803-JWL** |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412). (Doc. 17) (Pl. Mot.). Plaintiff seeks $6,753.95 in attorney fees. Id. The Acting Commissioner (hereinafter Commissioner) admits that a fee award is proper but argues that the amount requested is unreasonable because the time claimed includes time not properly chargeable. She suggests that no more than $5,500.00 would be a reasonable fee. (Comm'r Response 5). The matter is fully briefed and ripe for decision.

### I.     Background

Plaintiff's counsel has established by affidavits attached to his motion that: (1) he represents Plaintiff in this matter, (2) the fee cap under EAJA, adjusted for cost of living

increases, is $192.68 per hour for 2016 and $196.79 for 2017 and 2018, and (3) he expended three and eight-tenths hours in representing Plaintiff in 2016 and thirty and six-tenths hours representing Plaintiff in 2017 and 2018.  (Pl. Mot. & Attach 1).

The Commissioner does not dispute the fee cap adjustment, and the court finds that $192.68 and $196.79 are reasonable rates under the EAJA during the applicable periods.  The Commissioner argues that Plaintiff's counsel wrongly seeks fees for clerical work or administrative work performed by counsel at the same rate as legal work and that he has complicated the problem by his use of block billing—lumping multiple tasks into a single entry of time, which although not per se prohibited may prevent the court from identifying the reasonable time spent on compensable tasks.  (Comm'r Response 4) (citing Cadena v. Pacesetter Corp., 224 F.3d 1203, 1215 (10th Cir. 2000)).

**II.     Legal Standard**

The court has a duty to evaluate the reasonableness of any fee request.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The EAJA, 28 U.S.C. § 2412, applies in Social Security cases.  Section 2412(d)(1)(A) of the Act requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.  Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991).  The test for substantial justification is one of reasonableness in law and fact.  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995).  The Commissioner bears the burden to show substantial justification for her position.  Id.; Estate of Smith, 930 F.2d at 1501.  The maximum fee of $125 provided in § 2412(d)(2)(A), if awarded, may be

adjusted for increases in the cost of living.  Harris v. R.R. Ret. Bd., 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

### III.  Discussion

The court agrees with the Commissioner that "Ramos[ v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983)] admonishes attorneys who wish to recover attorneys' fees not to utilize the practice of block billing, because block billing does not precisely delineate 'how ... hours were allotted to specific tasks.'"  Cadena, 224 F.3d at 1215 (quoting Ramos, 713 F.2d at 553).  However, as the court found in Cadena, Plaintiff here has provided billing records sufficient to allow "the court to determine the time allotted by h[is] attorneys to specific tasks and the reasonableness of that time."  Cadena, 224 F.3d at 1215.  Plaintiff is correct that it is appropriate for an attorney to supervise and follow up on subordinates, to confer with clients regarding decisions in and the progress of the case, and to calendar issues as reminders of further action needed or documentation of actions taken.  The court finds that $6,753.95 is a reasonable attorney fee in this case.

The court notes one issue regarding award of statutory fees of which the parties need reminding.  It does not appear that the parties made a good faith attempt to reach agreement on fees before raising the issue to the court.  "A request for attorney's fees should not result in a second major litigation."  Hensley, 461 U.S. at 437.  Therefore, the district has enacted D. Kan. Rule 54.2 which requires opposing counsel to consult to reach an agreement regarding fees.  The rule is designed "to save the parties time and

money in litigating unnecessary issues." Lintz v. American Gen. Fin., Inc., 87 F. Supp. 2d 1161, 1165 (D. Kan. 2000).

In his motion, Plaintiff states that he contacted the Commissioner "about this anticipated filing," but that he had no response from defense counsel or the Social Security Administration. (Pl. Mot. 1). This statement is insufficient to meet the requirements of the local rule which states that the party seeking statutory fees "must promptly initiate consultation," and, where the parties do not agree on fees, must file a statement of consultation setting "forth the date of consultation, the names of those who participated, and the specific results achieved." D. Kan. R. 54.2. It is Plaintiff's responsibility as the party seeking fees to comply with the requirements of the local rule. However, it is also the Commissioner's responsibility to participate in good faith in the process, and it looks like neither party did any more than pay lip service to the rule. The court expects more. The rule contemplates that the moving party may file his motion for fees, and may then take up to an additional 30 days before either the parties file a stipulation and request for order, or the moving party files a statement of consultation and a "memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award." Id. at (b), (c). If the moving party promptly initiates consultation, there should be no reason good faith consultation will not be had before the statement, memorandum, and supporting documents must be filed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 17) is GRANTED in part, and attorney fees in the amount of $6,753.95 shall be awarded in accordance with the Equal Access to Justice Act.

Dated April 18, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**